BERANEK, Judge.
The appellants, residuary legatees, appeal the dismissal with prejudice of their claim against the co-executors of the estate, Richard M. Sauls and Landmark First National Bank. Sauls was the guardian of Grace Zaloudek until her death on June 7, 1974. He and the bank were appointed co-executors of the estate on August 7,1974. Sauls’ discharge as guardian was approved by the probate division on February 19, 1975. More than a year later, the appellants filed a claim against the bank and Sauls, in his capacities as guardian and co-executor, alleging that Sauls, as guardian, had filed an erroneous accounting which should not have been accepted by the co-executors. The court dismissed the claim with leave to amend against the co-executors but specifically dismissed with prejudice any claim against Sauls as the guardian. The appellants amended their complaint to allege that the co-executors failed or refused to demand an accurate accounting from the guardian and wrongfully permitted him to be discharged. They then listed a series of items in the first estate inventory which they alleged were in error. This claim was dismissed with prejudice and the appellants appeal therefrom.
Section 746.14, Florida Statutes (1973), in existence at the time of the guardian’s discharge (now Section 744.531), provides:
“Upon the consideration of the application for discharge and of the objections thereto, if any, and of the evidence, if the Circuit Judge is satisfied that the guardian has faithfully and completely discharged his final returns and has delivered the assets of the ward to the person entitled thereto, the Circuit Judge shall enter an order of discharge. Such discharge shall operate as a release from the duties of the guardianship and as a bar to any suit against said guardian or his surety, unless such suit is commenced within one year from the date of the discharge.”
Suit was not commenced against the guardian within one year and the appellant should not now be allowed to circumvent the statute by claiming that the co-executors wrongfully allowed the guardian to be discharged. The co-executors cannot be held accountable for expenditures made before the death of the testatrix. We note there are no allegations that the bank and Sauls conspired in the acceptance of guardianship assets which were known to be understated. Further there are no allegations of fraud as to either defendant. Even *319 though Sauls serves in dual capacities, his liability as a discharged guardian was not increased when he became an executor.
Certain allegations made concerning the sale of the decedent’s residence and the status of her checking account deal with acts which occurred prior to the decedent’s death. The court correctly dismissed these claims with prejudice as any objections to the guardian’s dealing with these assets should have been voiced within a year of discharge. However, the appellants also allege a discrepancy between the final accounting of guardianship and the inventory of the estate and a failure to account for interest on two savings accounts and for two corporate dividends. Assuming the dividends were paid after the decedent’s death, these allegations, if phrased properly, could constitute a valid cause of action against the co-executors. The trial court erred in dismissing these claims with prejudice. The appellants should be given the opportunity to amend their complaint to state a cause of action against the co-executors on these issues.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED WITH DIRECTIONS.
MOORE, J., concurs.
ANSTEAD, J., concurs specially with opinion.